JOHN GIBSON, RESPONDENT, v. THE NORTHERN CENTRAL RAILWAY COMPANY, APPELLANT.

*Master—when not liable to servant for injury occasioned by neglect of co-servant —when not guilty of negligence in appointing subordinate officers.*

This action was brought to recover damages for an injury alleged to have been occasioned by the defendant's negligence. The plaintiff had, for several years prior to the accident, been employed by the defendant as a yard switchman, it being his duty to break up the trains coming into the yard, and shift the cars to outgoing trains, or to the repair shop, according to the directions contained on a card furnished to him by the yard dispatcher, whose duty it was to order sent to the repair shop all cars marked as out of repair by the car inspector. At about four o'clock in the morning of March 1, the plaintiff, while coupling a coal car to an outgoing train, caught his glove upon a piece of iron projecting from the bumper of the coal car, and had his hand crushed. He claimed that the car inspector was negligent in not discovering that the bumper of the coal car was out of repair, and ordering it sent to the shop instead of ordering it sent out with another train.

*Held*, that the plaintiff and the car inspector were co-servants, engaged in a common service, and that the defendant was not liable for the neglect of the car inspector to discover this particular defect.

The car inspector, a man of thirty-four or five years of age, had, prior to his coming to this country, been employed as a common laborer, except for a few months, when he had worked in a railroad yard, putting brasses into freight cars. Upon entering the defendant's employment, he had no knowledge of machinery, and worked in the carpenter's shop, bolting, putting in brasses and boxes, and assisting in the shop. After so working for from one to two years, he was made car inspector. His sobriety and intelligence were unquestioned.

*Held*, that the evidence failed to show that he was incompetent to act as a car inspector, or that the master of the repair shop was guilty of negligence in appointing him to that position.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant as a night switchman.

*G. M. Diven*, for the appellant.

*A. V. Murdoch*, for the respondent.

FOLLETT, J. :

For three or four years prior to the plaintiff's injury he had been employed by the defendant as a yard switchman at Elmira.

Upon the arrival of a train it was inspected by a car inspector. Every car found defective was marked with chalk "shop," and the particular defect was also indicated thereon; then an employee called a "yard dispatcher" noted on a card the numbers of the defective cars, and wrote the word "crippled" after the numbers.

Upon the same card were noted the numbers of the cars to be shifted from the inspected train to the various outgoing trains. This card was given to the plaintiff, who shifted the cars according to the directions upon the card. The cars marked "crippled" were shifted on to the repair track, to which cars needing repairs were taken. The cars not marked "crippled" were shifted to appropriate places for coupling to outgoing trains. The plaintiff, in this service, coupled and uncoupled cars, both perfect and imperfect, as occasion required. This is the plaintiff's account of his duties. The plaintiff was a night switchman, going on duty about six P. M., and leaving the next morning between six and seven, depending on the state of his work.

About four o'clock A. M., March 1, 1871, a freight train brought in to defendant's yard a car called, by the witnesses, a Shanghai coal dump. The train and car in question were inspected by Hartigan, the car inspector, and the plaintiff, according to the custom, received a card directing him to shift the Shanghai coal dump to an outgoing train. While coupling this car to one known as a gondola,

the plaintiff's hand was crushed.   He attributes the accident to a. defect in one of the buffers of the Shanghai car.   The faces of the, buffers of this car were originally covered with boiler iron ; which had been broken, and at the time of the accident was partly gone. The piece remaining was irregular in shape, fastened by a single bolt, and hung so loosely that when force was applied, it would revolve around the bolt.

At the time of the accident the plaintiff's hands were gloved.

· Hanging from a hook in the drawhead of the Shanghai car was a chain of three links.   The plaintiff inserted, with his right hand, the end link of the chain within the drawhead of the gondola; inserted with his left hand the coupling pin ; and while in the act of withdrawing his right hand, his glove was caught by this irregular piece of iron, and held until crushed by the buffers.   The evidence is conflicting as to whether the plaintiff's hand was injured by the. buffers ; but we adopt the statement of the plaintiff, it having been sanctioned by the jury.

The plaintiff claimed that he was entitled to recover : (1) Because the defendant used and required the plaintiff to handle this car with a defective buffer.   (2) Because the defendant employed a car inspector who, the plaintiff asserted, was incompetent, and. caused the accident by negligently failing to detect this defect and report the car as crippled; thus depriving the plaintiff of notice, by means of the card, of its condition.

Upon the first ground the plaintiff was not entitled to recover, because he contracted to handle crippled or defective cars.   This was a part of the daily service which he undertook, and the ordinary risks of which he assumed.   His case is not like a servant employed in running trains.   In that case it is expected the machinery is fit for the use to which it is put ; but in this case it was understood by both parties that the plaintiff was employed to handle cars and machinery unfit for use.

The more serious question arises over the second proposition.  The plaintiff claims that Mr. Pinney, the foreman of the repair shop, was negligent in employing Hartigan, the car inspector.   This precise question was not submitted to the jury, but it was assumed that if the inspector was incompetent, the foreman of the repair

shop was negligent. The defendant did not except to this assumption, nor request that the question of the negligence of the foreman of the repair shop be submitted to the jury.

The only evidence bearing upon the competency of the car inspector, aside from the fact that he failed to discover and note the defect, was given by Hartigan, the inspector. He testified that his age was thirty-four or thirty-five years. . Previous to his coming to this country he worked for three or four months in a railroad yard in Ireland, putting brasses into freight cars. Except this, he had been employed as a common laborer; was not a mechanic, and was without knowledge of machinery up to the time of entering the service of the defendant, in May or June, 1869. Upon entering defendant's service he worked in the carpenter's shop, repairing cars, putting in brasses, bolting, and putting in boxes, and assisting in the shop.

He was continued in this employment from one to two years, and then made car inspector. His sobriety and intelligence were not questioned. There is no evidence that he had, before or since, failed to detect defects, or had proved incompetent, or had been charged with incompetency. His evidence clearly discloses the details of his business, and seems to have been given intelligently.

It is not claimed that the master of the repair shop, or any person in authority, had notice that the car inspector was incompetent, or had reason to suspect that he was incompetent. The evidence is insufficient to establish negligence on the part of the master of the repair shop, in employing Hartigan as a car inspector.

Neither can the verdict be sustained upon the ground of the neglect of the car inspector to discover and note this particular defect. The plaintiff and the car inspector had long labored in the same yard, and must have been perfectly acquainted with each other's fitness for the duties of his employment. Neither had authority over any other person, and neither was charged with any duty except the performance of his daily task.

They were co-servants, engaged in a common enterprise, and for the neglect of the car inspector to discover this particular defect in the buffer, the defendant is not liable. (*Besel* v. *New York Cen-*

*tral, &c. R. R. Co.*, 70 N. Y., 171 ; 2 Thompson on Negligence, 1034.) The plaintiff should have been nonsuited.

Judgment reversed, new trial granted, costs to abide the event. '

LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.